IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SANTEE-LYNCHES AFFORDABLE HOUSING AND COMMUNITY DEVELOPMENT CORPORATION, | ) C/A NO. 3:09-1015-CMC ) ) **OPINION and ORDER** |
| Plaintiff, | ) ) |
| v. | ) ) |
| SUSAN Y. ELLINGER, | ) ) |
| Defendant. | ) ) |

This matter is before the court on Plaintiff's motion to reconsider the order granting Defendant's motion to apply North Carolina law. Dkt. No. 32 (Plaintiff's motion to reconsider); Dkt. No. 31(docket text order granting Defendant's motion to apply North Carolina law). Defendant's motion (Dkt. No. 30) was granted as unopposed after Plaintiff failed to respond within the deadline set for responses to motions. *See* Local Civil Rule 7.06. For the reasons stated below, the court reconsiders its earlier decision and denies Defendant's motion without prejudice to renewal at the conclusion of discovery.

**Plaintiff's Motion to Reconsider**

Federal Rule of Civil Procedure 60(b)(1) allows the court to grant relief from a final judgment, order or proceeding because of mistake, inadvertence, surprise or excusable neglect. Plaintiff concedes that it failed to respond to Defendant's motion by the January 11, 2010 deadline, but suggests that its failure was the result of "inadvertence," justifying relief under Rule 60. Plaintiff explains that its error was "[a]s a result of the holiday schedule and pure inadvertence on the part of counsel." Dkt. No. 32-1 at 1. No other explanation is offered which might suggest that the error constituted "excusable neglect" under Rule 60. As Defendant notes, motions for relief from orders

based on an attorney's failure to meet court imposed deadlines are generally analyzed under the excusable neglect prong of Rule 60. *See* Dkt. No. 36 at 3. Here, Plaintiff has conceded neglect of counsel, and offers little or nothing in support of the conclusion that the neglect was excusable.[1] Neither does Plaintiff offer any suggestion of actual harm resulting from the application of North Carolina law, such as by showing that North Carolina and South Carolina law differ in any significant respect relevant to this action. Thus, there is no suggestion that the harm which will result is somehow disproportionate to counsel's error in failing to timely respond to the motion. Plaintiff does, however, offer meritorious argument drawing into doubt the propriety of applying North Carolina law to this legal malpractice action.

Under these circumstances, the court might well deny Plaintiff's motion for failure to establish an adequate basis for relief under Rule 60. The court, nonetheless, exercises its discretion to relieve Plaintiff of this default. In doing so, the court has considered the stage of the proceedings– discovery is ongoing and the deadline for dispositive motions remains over two months away– which suggests that Defendant will suffer no harm as a result of the court's delay of a decision as to the applicable law. The court has also considered the absence of argument as to whether the choice-of-law determination will have any significant implications. Notably, neither party has addressed this issue. Finally, to the extent the choice of law may make a significant difference in

---

[1] Local Civil Rule 7.06 provides that responses to motions must be filed within a specified number of days following the motion's filing date. The applicable number of days was recently changed from 15 to 14. There is, however, no suggestion that this change was the cause of Plaintiff's default. In any event, the notice of electronic filing through which Defendant's motion was served advised Plaintiff of the January 11, 2010 deadline. Plaintiff's only suggestion of an excuse for the error is the intervening holidays between when the motion was filed (December 23, 2009) and the motion deadline. The latter, of course, fell well after most holiday celebrations were concluded. Thus, to the extent the holidays are relevant, it is presumably only in having contributed to counsel's failure to properly calendar the deadline.

2

this action, the court concludes that it is better to resolve this issue on the merits rather than based on Plaintiff's default on the motion. Wherefore, the court grants the request to reconsider the choice-of-law issue.

## Defendant's Motion for Application of North Carolina Law

The parties agree that South Carolina's choice-of-law rules apply to this tort action and that those rules require the court to apply "the law of the place where the injury was occasioned or inflicted[.]" *See* Dkt. No. 30-1 at 3 (citing *Innovative Container Co., LLC v. Son Light Trucking, Inc.,* 2006 WL 895021 (DSC 2006)); Dkt. No. 32-1 (conceding the applicable rule). The parties disagree, however, as to whether this rule requires application of North Carolina law (the state in which Defendant was located when she provided legal services and advice) or South Carolina law (the state in which Plaintiff received that advice in relation to a project to be completed in South Carolina).[2] The court's review of the law presented by the parties, as well as the court's own research, does little to resolve what appears to be a close and undecided issue of state law: which state's law applies to legal advice provided in one state for use in another.[3] Nonetheless, at least

---

[2] Defendant holds licenses to practice law in both North and South Carolina. The advice at issue in this action relates to federal law, but was communicated to a South Carolina entity for application to a project located in South Carolina. Plaintiff asserts that Defendant could not have provided this advice but for her license to practice law in South Carolina. Defendant has not responded to this assertion or Plaintiff's other substantive arguments. Instead, it limited its opposition to the Rule 60 motion to addressing the Rule 60 standard. Defendant did, however, note in her original memorandum that her contacts with Plaintiff were the result of Plaintiff's affirmative actions in seeking her out in North Carolina, a fact arguably favoring application of North Carolina law.

[3] The court located two cases from other states which address similar situations. Both, however, applied a "most significant relationships" test rather than the *lex loci delicti* standard the parties agree applies in this action. *See Washburn v. Soper*, 319 F.3d 338, 341-43 (8th Cir. 2003) (finding Illinois law applied to legal malpractice claim for representation provided by an Iowa-based attorney who was licensed to practice law in Illinois and who undertook representation of Illinois residents in an action to be filed in Illinois); *David B. Lilly Co. v. Fisher*, 18 F.3d 1112, 1118-19 (3d

3

some South Carolina cases suggest that in situations such as this, the location where the injury is manifested is key. *See Lister v. NationsBank of Delaware, N.A.*, 494 S.E.2d 449, 455 (S.C. App. 1997) (holding as to claim for fraudulent misrepresentation that "[t]he place of the wrong is not where the misrepresentations were made but where the plaintiff, as a result of the misrepresentation, suffered a loss").[4]

Under these circumstances, the court declines to resolve the choice-of-law issue at this time and, therefore, denies Defendant's motion without prejudice. Either party may renew the motion for a ruling on the applicable law after the close of discovery. If the motion is renewed, the parties shall first address whether there is a need to resolve the choice-of-law issue. Specifically, they shall address whether there are any legal standards or rules relevant to this action as to which North Carolina and South Carolina law differ in any manner likely to affect the outcome of this action. If there are none, there is no need to resolve this challenging choice-of-law question. Presuming there is a need to resolve the choice-of-law issue, the parties shall address application of South Carolina's choice-of-law rules (or other states which apply a *lex loci delicti* standard) to advice given in one state for application in another or other comparable circumstances or, alternatively,

---

Cir. 1994) (finding Delaware law applied to advice provided by out-of-state law firm to a Delaware corporation).

[4] Neither party has presented the court with particularly persuasive authority. For her part, Defendant relies primarily on *Innovative Container*, a tort action arising out of a Georgia motor vehicle accident. In that case, the court held that the immediate injury felt in Georgia, rather than the consequential harm later suffered in South Carolina, controlled the choice-of-law determination. Such a case is easily distinguishable because the negligence is complete and the claim accrues in the state where the accident occurs. In contrast, the alleged negligence at issue in this action had its origin in North Carolina, but caused no harm until the allegedly negligent advice was communicated to and acted upon in South Carolina. Moreover, the *only* injury was felt in South Carolina. Although Plaintiff presents arguments along these lines, it cites no case law in support of its position. Instead, it relies solely on the basic legal premise that "the place where the injury was occasioned or inflicted governs." Dkt. No. 32-1 at 3.

4

whether there is any indication South Carolina might apply a "most significant relationships" test under circumstances such as those presented here. Finally, the parties should address whether this is an issue which should be certified to the South Carolina Supreme Court.

## CONCLUSION

For the reasons set forth above, the court grants Plaintiff's motion to reconsider the order granting Defendant's motion to apply North Carolina law and vacates the same. The court further denies Defendant's motion without prejudice to renewal after the conclusion of discovery. If renewed, the parties shall brief the matters referenced above.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 22, 2010